## No. 2863.

VINCENT BATTALORA *v.* ALBERT ERATH and als., and D. S. RAMELLI *v.* ALBERT ERATH and als. (Consolidated.)

Where the appeal was taken by the plaintiff from a judgment dissolving an injunction *without damages*, and in his petition of appeal plaintiff prayed for citation against the defendants only;

Held—That the motion to dismiss the appeal on the ground that all the parties in interest. were not made parties to the appeal, must be overruled. It was not necessary that the surety on the injunction bond should have been made a party to the appeal.

Whether there was a consideration or not between the makers and the payee of certain promissory notes, the makers were liable to the indorsees who acquired the notes before due and gave a valuable consideration therefor.

Whether a blank was filled up, before or after the signing of the notes, can not affect the indorsees who knew nothing thereof and who acted in perfect good faith.

APPEAL from the Seventh District Court, parish of Orleans. *Collens, J. Mitchel & Brice* and *Race, Foster & Merrick*, for plaintiffs. and appellants. *Gustavus Schmidt*, for defendants and appellees.

### ON MOTION TO DISMISS.

LUDELING, C. J. We are asked to dismiss this appeal on the ground. that all the parties in interest are not made parties to the appeal.

The appeal is taken by the plaintiff from a judgment dissolving an injunction, without damages. In his petition of appeal he prayed for citation against the defendants only. It is contended that the surety on the bond should have been made a party to the appeal. We can not imagine why? For if cited there could be no change made in the judgment, as between the appellees.

In the case of B. Avegno v. S. Johnson, G. Metz subrogated, 22 An., it was said that it is "the settled jurisprudence of this court that the surety on an injunction bond is a necessary party to an appeal." The principle was, too, broadly stated that the surety was a necessary party in that case, which was an appeal from a judgment in favor of the plaintiff perpetuating an injunction. He had an interest in maintaining that judgment. But it is different in a case where the judgment dissolves the injunction without damages, and the plaintiff alone appeals.

The additional grounds filed on fifteenth November, 1870, came too late, and can not be considered. 12 An. 745.

It is therefore ordered that the motion be overruled.

---

## ON THE MERITS.

WYLY, J. In 1865 Samuel Fasnacht and Louis Fasnacht sold their brewery in this city to Albert Erath, and in evidence of part of the price took two notes for $5000 each, one made by V. Battalora and the other by D. S. Ramelli, payable to the order of said Albert Erath, who indorsed and delivered them before due. They were not paid at maturity, and the notes which form the subject of this controversy were given by the same parties in renewal thereof. A few days before the maturity of these notes, Battalora and Ramelli injoined the defendants, Erath and Samuel and Louis Fasnacht, from transferring or disposing of said notes, on the ground that the same were executed without consideration, and with the assurance that the makers were not intended to be held liable, and that they were made and given merely as a matter of form. Samuel and Louis Fasnacht in their answers reconvened, and prayed judgment for the amount of the notes. The court in both these cases dissolved the injunction, and gave judgment in reconvention, as prayed for. The plaintiffs appeal.

An examination of the evidence satisfies us that the court did not err. Whether there was a consideration or not between the makers and the payee, the makers are liable to the indorsees, Samuel and Louis Fasnacht, who acquired the notes before due, and gave a valuable consideration therefor. Whether the blank was filled up, fixing the rate of interest, before or after the signing, can not affect the indorsees, who knew nothing thereof, and who acted in perfect good.

faith, giving the indulgence and allowing the renewal upon the under-standing that the notes were to bear eight per cent interest. Indeed, the whole defense seems to be utterly without merit, and the appeal was doubtless for delay. There should be damages for frivolous appeal, as prayed for.

It is therefore ordered that both of the judgments herein be affirmed with costs, and that ten per cent damages be added to the amount of each judgment.

Rehearing refused.